## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUAR MUSIC CORP.**<br>**Plaintiff**<br>V. | CIVIL NO. _____ |
| **UNIVERSAL MUSIC GROUP, INC and**<br>**UMG RECORDINGS, INC.**<br>**Defendants** | **COMPLAINT FOR COPYRIGHT**<br>**INFRINGEMENT, INJUNCTIVE**<br>**RELIEF AND DAMAGES;**<br>**DEMAND FOR JURY TRIAL** |

### VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, LUAR MUSIC CORP., through its undersigned attorney, who commences this action against the Defendants, Universal Music Group and UMG Recordings, Inc., and respectfully complains and alleges as follows:

### NATURE OF THE CLAIM

**1.** This is a civil action for damages and for injunctive and related relief against defendants for violations of the United States Copyright Act of 1976, *17 U.S.C. §101, et seq.* This action arises out of the Defendant's willful infringement and unauthorized uses of two copyrighted works owned by Luar Music Corp. Defendants know that they have been violating and continue to violate Plaintiff's rights. This action is brought to obtain redress for the blatant and continued infringements of Plaintiff's rights by the Defendants.

### JURISDICTION AND VENUE

**2.** This is a civil action seeking damages and injunctive relief for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §101, et. seq.

1

3. This Court has subject matter jurisdiction under 17 U.S.C. §101, et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) and (b) (copyright infringement).

4. This Court has personal jurisdiction over Defendants in that, among other reasons, Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this District and in the Commonwealth of Puerto Rico and because Defendant's infringing acts as alleged herein have caused injury to Plaintiff in this District.

5. Venue is proper in this District pursuant 28 U.S.C. §1391(b) and 28 U.S.C. §1400(a).

## PARTIES

6. Luar Music, Corp. (hereinafter "Luar" or "Plaintiff") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, its principal place of business is in San Juan, Puerto Rico and its mailing address is 110 Grand Boulevard Paseos, Suite 112 MSC 318, San Juan, Puerto Rico 00926. The Plaintiff is dedicated to the management of projects in the music industry and to the licensing of songs and sound recordings, among others.

7. Plaintiff is informed and believes, and on that basis avers, that co-Defendant UMG Recordings, Inc. is a Delaware Corporation with its principal place of business in California.

8. Plaintiff is informed and believes, and on that basis avers, that co-Defendant Universal Music Group, Inc. is a corporation, with its principal place of business in California. Universal Music Group, Inc. is the world's largest recording company and its Univesal Music Publishing Group is the world's largest music publishing house.

2

9. The Defendants, Universal Music Group, Inc. and UMG Recordings, Inc. (hereinafter collectively referred to as "Universal"), are, and at all times pertinent hereto, actively engaged in the business of recording and commercially producing, distributing, selling, licensing and otherwise exploiting sound recordings and musical products in the United States and abroad.

10. At various times pertinent hereto, Universal has traded under several different trade names and distributed sound recordings under several different divisions, units, record labels and/or subsidiaries including, but not limited to Universal Music Latin America, Machete Music, VI Music, Universal Motown Records Group, Universal Music Mexico, SA, Def Jam Records, Island Def Jam Music, Interscope Records, and Geffen Records.

11. In the regular course of its business, Universal advertises, promotes and sells its products in the Commonwealth of Puerto Rico, and has done so continuously throughout all times pertinent hereof.

12. Defendants ABC and DEF are corporations or agents of corporations, organized and existing under the laws of the Commonwealth of Puerto Rico or of any state or country, who have directly or indirectly, vicariously and/or contributorily, unlawfully and/or willfully, reproduced, copied, published, and/or distributed or otherwise unfairly used the Plaintiff's copyrighted works without requesting nor receiving a copyrights license or transfer of copyrights, nor paying license royalties to the Plaintiff, and without its authorization. The specific information of these unauthorized uses is still unknown, but will be the subject of discovery.

13. Defendants John Doe and Jane Doe are unknown defendants, who have directly or indirectly, vicariously and/or contributorily, unlawfully and/or willfully, reproduced, copied, published and/or distributed or otherwise unfairly used the Plaintiff's copyrighted works without requesting nor receiving a copyrights license or transfer of copyrights, nor paying license royalties to the Plaintiff, and without its authorization. The names of these defendants are still unknown, but will be the subject of discovery.

14. Defendant XYZ is an insurance company authorized to do business in the Commonwealth of Puerto Rico or any state or country, whose name is presently unknown and which at the time of the events had issued insurance policies on behalf of Defendants that had issued insurance policies that cover the infringing acts complained hereof.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. Plaintiff is the sole owner and administrator of the copyrighted musical composition, "Dale Don Dale" ("song") and the sound recording "Dale Don Dale ("sound recording") (herein collectively referred to as the "Copyrighted Works").

16. Plaintiff acquired the aforementioned Copyrighted Works by written contract in which the author William Omar Landrón, a.k.a., "Don Omar" transferred all his exclusive rights on said works in favor of Luar.

17. Plaintiff applied for registration of the song "Dale Don Dale" and received a Certificate of Copyright Registration from the United States Copyright Office, effective June 24, 2004. A copy of said Certificate is attached as **Exhibit I**, and by this reference is incorporated into this Complaint.

18. Plaintiff applied for registration of the sound recording "Dale Don Dale" and received a Certificate of Registration from the United States Copyright Office, effective June

4

24, 2004. A copy of said Certificate is attached as **Exhibit II**, and by this reference is incorporated into this Complaint.

19. Plaintiff is currently, and at all relevant times has been the sole proprietor of all rights, titles and interests in and with regards to the copyright in the aforementioned Copyrighted Works.

20. Plaintiff has granted limited licenses for the exploitation of some of the exclusive rights on the Copyrighted Works and has been compensated for some of these authorized uses and the commercial exploitation of its Copyrighted Works.

21. In November, 2005, Luar entered into a contract entitled a Settlement Agreement and General Release (the "2005 Settlement Agreement") with VI Music Corp. ("VI"), which was signed by the parties in order to resolve a copyright infringement claim filed by Luar regarding the aforementioned Copyrighted Works. The 2005 Settlement Agreement included a licensing agreement ("License") detailing the terms and conditions for the authorized uses of the Copyrighted Works by VI Music. The 2005 Settlement Agreement and the aforementioned License were negotiated and signed by the representatives of Luar and VI in the Commonwealth of Puerto Rico, and Section (23) provides that Puerto Rico law governs the agreement. A copy of the 2005 Settlement Agreement and the License are attached as **Exhibit III**, and by this reference are incorporated into this Complaint.

22. Section (1) of the License authorizes VI Music to manufacture and distribute the Copyrighted Works, as part of the phonorecord "The Last Don, "in the United States, the United States territories and possessions, and Puerto Rico". The license was limited to the use of the copyrighted works in the album "The Last Don" and "Last Don Live" (CD and DVD). Copies of the album covers are attached as **Exhibit IV** and **V**, and by this reference are incorporated into this Complaint. The License did not contain an authorization to include or

use the Copyrighted Works in any other musical product or album.  Furthermore, the License granted by Luar did not authorize any kind of the international sales or distribution of the Copyrighted Works by VI, by Universal or by any other person.

23.  According to Section (2) of the License, the royalty to be paid to Luar for the use of the song "Dale Don Dale" was eighty five cents ($0.85) per unit sold of CDs of "The Last Don" and "The Last Don Live" albums.

24. According to Section (3) of said License, the royalty to be paid for the use of the sound recording "Dale Don Dale" is twelve cents (12 cents) per unit distributed.

25. According to Section (4) of the License, all royalties are accrued on a quarterly basis and shall be paid to Luar within forty five (45) days after the end of each quarter.

26. The 2005 Settlement Agreement does not authorize VI or any other user to modify or adapt the Copyrighted Works.

27. The 2005 Settlement Agreement does not authorize VI or any other user to reproduce, distribute or perform the Copyrighted Works in any album or product other than the album "The Last Don" and the CD and DVD "Last Don Live".

28.  As part of a separate agreement dated April 1, 2005, Luar granted VI a limited license authorizing the digital and mobile distribution of the sound recording "Dale Don Dale" on the CD album entitled "The Last Don Live" for which a royalty of eight and a half cents ($0.85) per download or unit was to be paid. A copy of the April 1, 2005 Agreement is attached as **Exhibit VI**, and by this reference is incorporated into this Complaint.

29.  According to the April 1, 2005 Agreement, Luar granted VI a limited license for the digital distribution and mobile exploitation of the song "Dale Don Dale" in a DVD entitled "The Last Don Live" and VI was obligated to pay a royalty of ten (10) cents per each DVD distributed.  Furthermore, according to the same Agreement, Luar was to receive eight and a

half (8.5) cents per digital and mobile download per unit for the use of the song. All other digital exploitation was to be paid to Luar at a fee of seventy per cent (70%) of the total income received.

30. Upon information and belief, VI Music sublicensed or transferred the limited non-exclusive rights on the Copyrighted Works obtained in the 2005 Licenses to Defendant Universal. Luar was not a party to and did participate in the agreements between VI and Universal. Since 2005, Universal has been exploiting Luar's copyrighted song "Dale Don Dale" and the copyrighted sound recording "Dale Don Dale".

31. Universal has substantially breached the terms of the 2005 Licensing Agreements.

32. Upon information and belief, Defendants knowingly and intentionally engaged in unauthorized uses of the Copyrighted Works not within the scope of the 2005 Licenses, without procuring another license from the Plaintiff and without compensating the Plaintiff for said infringing uses and unauthorized exploitation.

33. In August, 2008, Plaintiff notified the Defendants in writing about specific breaches to the 2005 Licenses and of separate acts of infringement, and requested redress and due payment by Universal. A copy of the August 7, 2008 letter is attached as **Exhibit VII**, and by this reference is incorporated into this Complaint. However, Defendants continued their infringing acts without curing the breaches, without paying the moneys due to Luar according to the terms of the 2005 License Agreement and without stopping all unauthorized uses of the copyrighted works.

34. In January, 2009, and after months of good faith efforts by the Plaintiff to resolve the situation of Universal's continued infringement, Plaintiff notified Defendants in writing that any and all grant of rights included in the 2005 Licenses had been terminated and required that Defendants cure their multiple breaches and come clean regarding their infringing conduct.

Defendants were specifically advised that, according to the terms of the License, Luar's termination had the effect of rendering "the manufacture and distribution of all phonorecords for which royalties have not been paid actionable as separate acts of infringement and fully subject to the remedies provided under the Copyright Act." A copy of said cease and desist letter is attached as **Exhibit VIII**, and by this reference is incorporated into this Complaint.

35. After receiving said notice of termination in writing, Defendants furnished some partial payments to Plaintiff for some of the royalties accrued since the year 2005. The payments made by Defendants were insufficient and did not come close to paying the royalties and obligations due to Luar pursuant the terms of the 2005 Licenses. The Defendants also sent the Plaintiff incomplete and inaccurate accounting reports.

36. In May, 2009, the President of Luar, Mr. Raúl López Badillo, traveled to Miami at his own expense to meet with Walter Kolm, President of Universal Music Latino, Ely Juarez, Director of Business and Legal Affairs at Universal Music Group, and Brian Alvarez, General Counsel at Universal Music, Latin American Division. During this meeting, the parties discussed the situation with regards to the breaches by Universal and explored ways for Universal to cure the braches and to redress Luar for the blatant violation of its copyrights.

37. Following the May 2009 meeting in Miami, Plaintiff sent the Defendants a letter restating the Defendant's breaches and infringing acts, and requesting specific remedial actions and information from Universal in order to reach a settlement and avoid costly litigation. A copy of the letter dated June 15, 2009 is attached as **Exhibit IX**, and by this reference is incorporated into this Complaint.

38. In spite of these good faith efforts, and of Defendants' representations to Luar, Defendants have not provided a complete report of all uses of Luar's Copyrighted Works with an accurate accounting of all profits made by the Defendants for their exploitations of the

Copyrighted Works since 2005 to the present. Moreover, Defendants have refused to pay all royalties due, and have refused to compensate Luar for the damages caused by Defendant's multiple and repeated acts of copyright infringement, specifically for uses that were not even included in the 2005 License and that were never authorized by Luar.

39. To this day, Defendants have continued to exploit the Copyrighted Works "Dale Don Dale" song and the sound recording without authorization and in violation of the Plaintiff's rights under the Copyright Act of 1976.

40. Plaintiff is informed and believes, and on that basis avers, that the albums "The Last Don" and the "Last Don Live" in which the Copyrighted Works were featured have sold millions of units and digital downloads in the market and both were certified by Recording Industry Association of America as Multi-Platinum Albums.

41. Plaintiff is informed and believes, and on that basis avers, that the album "Da Hitman", in which an adaptation of the Copyrighted Song "Dale Don Dale" is included, has sold over 500,000 units and digital downloads.

42. Upon information and belief, Defendants have reproduced and distributed Luar's Copyrighted Works without authority in the United States, Puerto Rico and abroad, and are making, causing to be made and purporting to authorize the making and distribution of unauthorized copies of Plaintiff's registered Copyrighted Works.

43. Upon information and belief, at least since January 2006, Defendants have willfully, intentionally and knowingly violated Plaintiff's exclusive rights on the song "Dale Don Dale" and the sound recording "Dale Don Dale" by exploiting such Copyrighted Works without a license, including reproducing, adapting, distributing and publicly performing the Copyrighted Song "Dale Don Dale" in connection to the making, reproduction and distribution of the album entitled "Da Hitman."

44.  Upon information and belief, the version of the song that is featured in "Da Hitman" is a "remix" featuring artist John Davis Jackson a.k.a. "Fabolous"(sic).  Defendants directly authorized, caused, helped and/or induced others to reproduce, adapt and distribute this version of the song "Dale Don Dale."  This version of "Dale Don Dale" is an unauthorized derivative work of the song "Dale Don Dale" and of the sound recording owned by Luar. A copy of the "Da Hitman" album cover is attached as **Exhibit X**, and by this reference is incorporated into this Complaint.

45.  Upon information and belief, Defendants enabled, facilitated, and materially contributed to the unauthorized copying, reproduction and distribution in the United States, Mexico and other countries of the song "Dale Don Dale" and the sound recording by, among others, Universal Music Mexico, featured in the album "Fiebre de Reggaeton", among others. A copy of the "Fiebre de Reggaeton" album cover is attached as **Exhibit XI**, and by this reference is incorporated into this Complaint.

46.  The Defendants are not the copyright owners of the Copyrighted Works and have no authority or right whatsoever to grant licenses or to authorize others to exploit the Copyrighted Works.

47.  Upon information or belief, Defendants have, directly or indirectly, through its agents, divisions or subsidiaries and without authority from the Plaintiff, granted authorization to third parties, including the Defendants, for the digital reproduction, distribution, sale and commercial exploitation of the song "Dale Don Dale" and the sound recording embodying the "Dale Don Dale" song through various digital platforms including web-based retailers, digital download services, streaming, mobile products, iPhone, iTunes, digital-TV services and ringtones, among other digital forms of sale and distribution.

48. Upon information or belief, by reason of these infringing acts, the Defendants have benefited economically and Defendants have made substantial profits to which they are not entitled, as a result of the unauthorized exploitation of the Plaintiff's Copyrighted Works.

49. Upon information or belief, Defendants intentionally induced, encouraged, promoted and enabled such infringing activities to occur by purporting to be authorized to license such uses, by providing unauthorized reproductions of Plaintiffs' Copyrighted Works and transmitting such reproductions to others, or otherwise making such unlawful reproductions available to third parties for use in infringing business activities.

50. Plaintiff is informed and believes, and on that basis avers, that Defendants intentionally induce, encourage, promote and enable the infringing acts by providing for the unauthorized reproduction of Plaintiffs' Copyrighted Works and for public distribution and public display of the infringing reproduction by means of the internet.

51. As of the date of the filing of this Complaint, in spite of Planitiff's continuous good faith efforts, Defendants have failed and refused, and continue to fail and refuse, to take corrective and appropriate action to remedy their infringing conduct.  Defendants have failed to provide the Plaintiff with a full, accurate and complete report of the use and accounting of profits for all kinds of commercial exploitation of the Copyrighted Works owned by Plaintiff.

52. As of the date of the filing of this Complaint, Defendants continue to infringe Plaintiffs' copyrights in the song "Dale Don Dale" and the sound recording of the same name. Defendant's acts of infringement have been willful, intentional, and purposeful, with total disregard and indifference to the rights of Plaintiff.

53. As a direct and proximate result of Defendants' infringement of Plaintiffs copyrights and exclusive rights under the Copyright Act, Plaintiffs has suffered actual damages, including lost profits, lost opportunities, loss of goodwill, lost publicity, attorney's

fees and interest, and are entitled to compensatory and punitive damages or, in the alternative, at Plaintiff's election, Plaintiff shall be entitled to the maximum statutory damages for willful infringement.

54. Defendant's conduct as alleged herein is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in monetary terms.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**FOR DIRECT COPYRIGHT INFRINGEMENT—REPRODUCTION**

55. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 54 as if fully set forth herein.

56. Defendants, without authority, have been making and have been causing to be made, and have purported to authorize the making of unauthorized copies of Plaintiff's registered Copyrighted Works including the song "Dale Don Dale" and the sound recording of the same name. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive right under the Copyright Act to reproduce its copyrighted works.

57. As a direct and proximate result of Defendants' acts of infringement alleged herein, Plaintiff has been and continues to be irreparably harmed.

58. As a direct and proximate result of Defendants' infringement of Luar's exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant 17 U.S.C. § 504. In the alternative, at Plaintiff's election, pursuant to 17 U.S.C. §504(B), Plaintiff shall be entitled punitive money damages and to the actual damages suffered, plus Defendant's profits from its infringing acts, as will be proven at trial.

59. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial immediate and irreparable injury, for which there is no adequate remedy at law.

## COUNT TWO

### FOR DIRECT COPYRIGHT INFRINGEMENT--DISTRIBUTION

60. Plaintiff repeats and here incorporate by this reference each and every allegation of Paragraphs 1 through 59 as if fully set forth.

61. Defendants, without authority, have been distributing and have been causing others to distribute, and have purported to authorize the distribution of unauthorized copies of Plaintiff's registered copyrighted song "Dale Don Dale" and the copyrighted sound recording of the same name. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive right under the Copyright Act to distribute its Copyrighted Works.

62. Defendants' acts of infringement as alleged herein, have been willful, intentional and in total disregard of and with complete indifference to the rights of the Plaintiff.

63. As a direct and proximate result of Defendant's infringement of Luar's exclusive rights under the Copyright Act, the Plaintiff is entitled to the maximum statutory damage pursuant 17 U.S.C. § 504. In the alternative, at Plaintiff's election, pursuant to 17 U.S.C. §504(B), Plaintiff shall be entitled to punitive money damages and to the actual damages suffered, plus Defendants' profits from its infringing acts, as will be proven at trial.

64. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial immediate and irreparable injury, for which there is no adequate remedy at law.

13

## COUNT THREE

## FOR DIRECT COPYRIGHT INFRINGEMENT—ADAPTATION

65. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 64 as if fully set forth herein.

66. Defendants, without authority, have modified and adapted and have caused the Copyrighted Works to be adapted, and have purported to authorize the adaptation of Plaintiff's registered Copyrighted Works including the song "Dale Don Dale" and the sound recording of the same name. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive right under the Copyright Act to adapt its Copyrighted Works.

67. As a direct and proximate result of Defendants' acts of infringement alleged herein, Plaintiff has been and continues to be irreparably harmed.

68. As a direct and proximate result of Defendant's infringement of Luar's exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant 17 U.S.C. § 504. In the alternative, at Plaintiff's election, pursuant to 17 U.S.C. §504(B), Plaintiff shall be entitled to punitive money damages and to the actual damages suffered, plus Defendant's profits from its infringing acts, as will be proven at trial.

69. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial immediate and irreparable injury, for which there is no adequate remedy at law.

## COUNT FOUR

## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGMENT

70. Plaintiff realleges and incorporates by reference each and every allegation of Paragraphs 1 through 69 as if fully set forth herein.

14

71. Upon information and belief, Defendants are contributorily liable because they have knowledge of and have contributed to the direct infringement of Plaintiff's exclusive rights. Defendants are liable as contributory copyright infringers for all the infringing acts by its business partners and third parties that Defendants enabled, induced, facilitated, and materially contributed to.

72. Upon information and belief, Defendants, acting with actual and constructive knowledge, enabled, facilitated, and materially contributed to the infringement of Plaintiff's copyrights.

73. Upon information and belief, Defendants are vicariously liable for the infringing acts of its business partners and third parties inasmuch as Defendants have both the right and the ability to supervise such parties and that the Defendants profited from said infringing acts.

74. As a direct and proximate result of Defendant's infringement of Luar's exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damage pursuant 17 U.S.C. § 504. In the alternative, at Plaintiff's election, pursuant to 17 U.S.C. §504(B), Plaintiff shall be entitled to punitive money damages and to the actual damages suffered, plus Defendants' profits from its infringing acts, as will be proven at trial.

75. As a result of Defendants' acts and conduct, Plaintiff sustained and will continue to sustain substantial immediate and irreparable injury, for which there is no adequate remedy at law.

## **DEMAND FOR TRIAL BY JURY**

76. Plaintiff demands trial by jury of all issues so triable.

15

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. For a preliminary and a permanent injunction ordering that Defendants and their agents, servants, employees, successors, licensees, officers, partners, assigns, parent corporations, attorneys, and any person acting in concert or in participation with each or any of them, cease from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, and inducing or participating in the infringement of, any of Plaintiff's Copyrighted Works or of the exclusive rights under the Copyright Act;

B. For statutory damages pursuant to 17 U.S.C. § 504(C).   Alternatively, at Planitiff's election, pursuant 17 U.S.C. § 540(B), for punitive money damages and actual damages, plus Defendants' profits from the copyright infringements, as will be proven at trial;

C.  For Plaintiff's costs, including reasonable attorney's fees, pursuant to 17 U.S.C.§ 505.

D. For pre-judgment and post-judgment interest according to law;

E. For an equitable accounting of profits; and

F. For such other and further relief as the Court may deem just and proper.

## UNSWORD STATEMENT UNDER PENALTY OF PERJURY

I, Raúl López Badillo, of legal age, married, President of Luar Music Corp., and resident of San Juan, Puerto Rico, hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. §1746, that I have read the foregoing Verified Complaint and its supporting exhibits and that, to the best of my knowledge and belief and/or pursuant to the information and documents in Luar Music Corp.'s possession, all allegations contained herein are true and correct.

_____
Raúl López Badillo

16

Respectfully submitted.

In San Juan, Puerto Rico, this 18th of December, 2009.

**CARLOS DALMAU LAW OFFICES**

Corporate Office Park,
36 Road #20, Suite 701
Guaynabo, Puerto Rico 00966
Tel. (787) 781-5266
Fax (787) 781-5269


/s/ Carlos G. Dalmau Ramírez
USDC NO. 223210
cdalmaulaw@gmail.com

/s/ Christina M. Beauchamp Richards
USDC No. 224411
Kichi.beauchamp@gmail.com